IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NORMAN CRAWFORD, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 10-955 |
| | ) | |
| v. | ) | Magistrate Judge Bissoon[1] |
| | ) | |
| GEORGE JUNIOR REPUBLIC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

For the reasons that follow, Defendant's Motion to Dismiss (Doc. 3) will be denied without prejudice.

In this employment discrimination lawsuit, Plaintiff alleges that Defendant terminated his employment based on Plaintiff's criminal history, despite the fact that similarly-situated, non-protected employees with criminal histories were not terminated. *See* Compl. (Doc. 1) at ¶¶ 16, 20-21. Defendant's Motion asserts that Defendant's operations are governed by Pennsylvania's Child Protective Services Law, 23 Pa. Cons. Stat. § 6344 ("PCPSL"), which prohibits certain employers from retaining individuals convicted of specified crimes. *See* Def.'s Br. (Doc. 4) at 3. One of those crimes is "stalking" under 18 Pa. Cons. Stat. 2709.1, and Plaintiff has been convicted of that offense.[2] On this basis, Defendant seeks dismissal under Federal Rule 12(b)(6). *See* Def.'s Br.

---

[1] By consent of the parties, the undersigned sits as the District Judge in this case. *See* Consent forms (Docs. 7 & 8).

[2] Defendant has attached to its Motion a copy of Plaintiff's certified criminal record, confirming that Plaintiff pled guilty to a charge of stalking under Section 2709.1. *See* Ex. A to Def.'s Br. at pg. 6 of 8; *see also* U.S. v. Alexander, 543 F.3d 819, 824 (6th Cir. 2008) (court may take judicial notice of criminal history records), *cert. denied*, -- U.S. --, 129 S. Ct. 2175 (2009).

Defendant's Motion cannot be resolved under Rule 12(b)(6), however, because it requires the Court to consider matters outside the pleadings. *See* CNA v. U.S., 535 F.3d 132, 140 n.3 (3d Cir. 2008). Specifically, Defendant's assertion that it is governed by the PCPSL cannot be established through mere allegation.

While this infirmity easily may be remedied through Defendant's submission of affidavit(s), none have been submitted. The Court's consideration of such materials, moreover, would necessitate a conversion of Defendant's Motion to Dismiss to one for summary judgment, a procedure requiring notice to Plaintiff and an opportunity to respond. Sproull v. Golden Gate Nat'l Senior Care, LLC, 2010 WL 339858, *2 (W.D. Pa. Jan. 22, 2010) (McVerry, J.) (recognizing same, citation omitted).

Nevertheless, the circumstances presented beg for a conversion to summary judgment. Although Defendant's current Motion does not present evidence demonstrating the applicability of the PCPSL, and therefore cannot be converted to a motion for summary judgment, such evidence would appear easily obtainable. *See* discussion *supra*. In addition, Plaintiff's arguments on the merits do not meaningfully refute the underlying basis for Defendant's Motion. *Compare* Pl.'s Opp'n Br. (Doc. 10) at 2-3 (asserting that Defendant did not terminate non-protected employees "with more severe criminal records," who had "criminal incidents at work," who "were on probation," and/or who "wore criminal monitoring ankle bracelets") w*ith* discussion *supra* (highlighting Defendant's assertion that Plaintiff was terminated because he had been convicted of crime enumerated in PCPSL).

Consistent with the foregoing, Defendant's Motion to Dismiss (**Doc. 3**) is **DENIED WITHOUT PREJUDICE**, and Plaintiff hereby is placed on notice that the Court will permit Defendant to promptly renew its Motion under Federal Rule 56. In lieu of the undersigned's

standard initial scheduling conference, a telephonic conference is scheduled for **<u>Tuesday, February 1, 2011 at 11:00 a.m.</u>**, and Defense counsel shall initiate the call. At the conference, Plaintiff's counsel should be prepared to identify what discovery, if any, is appropriate and necessary for Plaintiff to oppose Defendant's motion for summary judgment.[3] The parties also should be prepared to discuss the establishment of a briefing schedule regarding summary judgment.[4]

      IT IS SO ORDERED.


January 24, 2011                                                   s\Cathy Bissoon
                                                                                 Cathy Bissoon
                                                                                 United States Magistrate Judge

cc (via email):

All Counsel of Record

---

[3] To the extent that any discovery is needed, it will be conducted on a limited, expedited basis, addressing only those matters currently before the Court.

[4] The parties' participation in this District's ADR Program is postponed pending resolution of Defendant's anticipated motion for summary judgment.